UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:17-mc-00016-PSG (RAOx) Date: March 17, 2017
Title: Cung Le et al. v. Zuffa, LLC et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING MOTION TO TRANSFER [24]**

Presently before the Court is Defendant Zuffa, LLC's ("Defendant") Motion to Transfer Bellator's Motion to Quash. (Dkt. No. 24, "Mot. to Transfer"; Dkt. No. 39, "Reply.") Bellator Sport Worldwide, LLC ("Bellator"), movant in this action and a non-party in the underlying litigation, opposes the motion. (Dkt. No. 36, "Opp."). Plaintiffs[1] do not take a position on the merits of the Motion to Transfer. (Dkt. No. 32.) After reviewing the arguments and controlling legal authority of the papers, the Court finds the matter suitable for decision without oral argument. *See* L.R. 7-15. For the reasons set forth below, the Court GRANTS the Motion to Transfer.

## I. BACKGROUND

The motions pending before this Court arise out of an antitrust dispute between Plaintiffs and Defendant currently pending in the District of Nevada. *See Le et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-PAL ("Nevada action").[2] Plaintiffs served its subpoena on Bellator on September 15, 2015, and Defendant served its subpoena on Bellator on September 29, 2015. (Dkt. No. 1 at 5.) Compliance is required in the Central District of California. (*Id.* at 10.) Following extensive meet and confer between Bellator, Plaintiffs and Defendant, a dispute remained regarding two categories of document requests: demands for documents pertaining to

[1] Cung Le, Nathan Quarry, Jon Fitch, Juis Javier Vazquez, Brandon Vera and Kyle Kingsbury are individual named plaintiffs in the underlying litigation.
[2] The Court takes judicial notice of the docket in the Nevada action. *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

Bellator's athlete contracts; and demands for documents pertaining to Bellator's operating revenues and expenses. (*Id.* at 6-7.)

Bellator initiated the instant action on February 22, 2017, by filing a Motion to Quash or Modify Subpoenas. (Dkt. No. 1, "Mot. to Quash.") Bellator argues that both categories of documents are highly confidential and a presumption of harm applies because this sensitive information would be disclosed to its biggest direct competitor, Zuffa, LLC. (*Id.* at 13.) Bellator also asserts that the demands seek irrelevant information and impose an undue burden on Bellator. (*Id.* at 16.) Bellator further contends that the stipulated protective order in the Nevada action does not provide sufficient protection to Bellator's sensitive information and Bellator would not receive adequate notice of disclosure of its documents in the Nevada action. (*Id.* at 20-21.)

On March 8, 2017, Plaintiffs and Defendant filed their oppositions to the Motion to Quash. (Dkt. Nos. 23, 27.) On the same day, Defendant filed its Motion to Transfer. (Dkt. No. 24.) Also on the same day, Plaintiffs filed a Motion to Compel Production of Documents responsive to their subpoena to Bellator. (Dkt. No. 26, "Mot. to Compel.") The document request at issue in Plaintiffs' Motion to Compel is one of the requests at issue in Bellator's Motion to Quash.[3] On March 15, 2017, Bellator filed its opposition to the Motion to Transfer, its supplemental memorandum for Plaintiffs' Motion to Compel, and its reply in support of its Motion to Quash. (Dkt. Nos. 34, 36, 37.) Also on March 15, 2017, Plaintiffs filed their notice of non-opposition to the Motion to Transfer and their supplemental memorandum in support of their Motion to Compel. (Dkt. Nos. 32, 33.)

## II. DISCUSSION

Subpoenas must issue from the court where the underlying action is pending. Fed. R. Civ. P. 45(a)(2). The court for the district where compliance is required has the power to modify or quash the subpoena. Fed. R. Civ. P. 45(d)(3). Accordingly, a motion to quash a subpoena must be filed in front of the court where compliance is required and any other court lacks jurisdiction to resolve the motion absent transfer. *See Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014).

[3] The Court will refer to Bellator's Motion to Quash and Plaintiffs' Motion to Compel collectively as the "subpoena-related motions."

The court where compliance is required may transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Fed. R. Civ. P. 45(f). Although Rule 45 does not define “exceptional circumstances,” the advisory committee notes for the 2013 amendments to Rule 45 provide further guidance as follows:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

Advisory Comm. Note to 2013 Amend. to Fed. R. Civ. P. 45. Although the Advisory Committee makes clear that the prime concern is consideration of the burdens on local nonparties subject to the subpoena, those burdens “must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.” *Obesity Research Institute, LLC v. Fiber Research International, LLC,* No. 2:16-cv-00061-JAD-PAL, 2016 WL 593546, at *3 (D. Nev. Feb. 11, 2016).

**A. The Parties’ Positions**

Defendant moves to transfer the Motion to Quash to the District of Nevada (“Nevada court”), where the underlying litigation is pending.[4] Defendant argues that transfer would

[4] At the time of filing of Defendant’s Motion to Transfer, the only pending subpoena-related motion was Bellator’s Motion to Quash. Plaintiffs subsequently filed their Motion to Compel.

promote judicial economy because the Nevada court has been actively involved in the case and would be better positioned to determine relevance and necessity of the discovery at issue. (Mot. to Transfer at 8.) Defendant also argues that there is the potential for inconsistent rulings because a number of third-party subpoenas have been served in other districts. (*Id.* at 9.) Finally, Defendant argues that there would be no burden on Bellator from transfer. (*Id.* at 15.)

Bellator opposes transfer of its Motion to Quash to the District of Nevada. Bellator asserts that Defendant has failed to prove that exceptional circumstances exist here. (Opp. at 7.) Bellator argues that the Nevada court has not ruled on any of the issues in dispute in its motion and the discovery issues will not arise in multiple districts. (*Id.* at 7-10.) Bellator also contends that it will be prejudiced by transfer because it has expended significant resources in bringing this action in this district and it will be further burdened by having to litigate its motion in a new judicial forum. (*Id.* at 13-15.)

Plaintiffs take no position on the merits of the Motion to Transfer. (Pls.' Notice of Non-Opposition at 1.) Plaintiffs state that they have an interest in having their discovery dispute with Bellator resolved as soon as possible, and oppose a transfer of this matter to the extent that it will delay progress of the underlying case. (*Id.*)

**B. Analysis**

Because Bellator, the party subject to the subpoenas at issue, does not consent, transfer is appropriate only if exceptional circumstances are present. *See* Fed. R. Civ. P. 45(f). The Court finds that exceptional circumstances exist here.

Transfer is warranted here to avoid disrupting the issuing court's management of the underlying litigation and in the interest of judicial efficiency.[5] The underlying litigation has

---

(Dkt. No. 26.) As the Motion to Compel overlaps heavily with the Motion to Quash, transfer of Plaintiffs' motion is warranted for the same reasons as transfer of Bellator's motion.

[5] Bellator argues that courts routinely hold that concerns of judicial efficiency do not constitute exceptional circumstances. There are, however, several district court cases in this circuit that consider judicial economy to be a significant consideration in determining transfer. *See, e.g.*, *Obesity Research Institute*, 2016 WL 593546, at *3; *Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, No. 15-00062MC, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016) ("Ultimately, the Court must balance the interest of local resolution against factors such as

been pending since December 16, 2014. The complexity of the underlying case, a proposed class action antitrust case, also weighs in favor of transfer. *See Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (finding factors in evaluating transfer include complexity, procedural posture, and duration of pendency).

Magistrate Judge Leen has been actively involved in discovery since July 2015, when she heard Defendant's motion to stay discovery. (Nevada action, Dkt. No. 139.) After denying Defendant's motion, Judge Leen has held nine status conferences regarding discovery. (Nevada action, Dkt. Nos. 190, 304.) Those status conferences involved decisions on the discovery schedule, the protective order issued in the Nevada action, the appropriate scope of discovery requests, search terms and custodians for discovery, and privilege determinations. (*See* Nevada action docket *generally*.) The fact discovery cut-off of May 1, 2017 is fast-approaching. (Nevada action, Dkt. No. 311.) It appears that Judge Leen would be able to rule on the subpoena-related motions more quickly than this Court could, given her familiarity with the underlying case, avoiding any unnecessary extensions of the discovery schedule. Alternatively, Judge Leen is in a superior position to assess whether an extension of the discovery schedule is warranted in light of the subpoena-related motions.[6] *See, e.g., In re Subpoena to Kia Motors America, Inc.*, No. SACV 14-315 JLS (RNBx), 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014) (finding the resolution of a time-sensitive motion to compel compliance with subpoena is best decided by the court with control over the discovery cut-off deadline).

In addition, the substantive issues in the subpoena-related motions are intertwined with the intricacies of the underlying case, which the issuing court is substantially more familiar with considering the proceedings to date. Bellator's Motion to Quash depends heavily on determinations of whether the requested documents are relevant to the underlying case. *See, e.g.*,

---

judicial economy and risk of inconsistent rulings."); *Woodard v. Victory Records Inc.*, CV 14-490 ODW (AJW), 2014 WL 12569342, at *2 (C.D. Cal. Mar. 12, 2014) (finding exceptional circumstances in part because transfer would promote judicial economy).

[6] Counsel for Plaintiffs contacted the District of Nevada regarding availability of the Nevada court for a hearing on the subpoena-related motions. The Nevada court relayed that it cannot schedule a hearing until it received a transfer order and that it may not be available certain weeks in the near future. Transfer at this time will allow the Nevada court to manage the discovery schedule of the underlying litigation, including if and when a hearing on the subpoena-related motions is necessary and the need for an extension of the discovery cutoff date.

Mot. to Quash at 15 (arguing there is no substantial need for the documents because they have "marginal relevance"); *id.* at 17 ("the demands seek much more than is relevant to the claims and defenses in the litigation"). The issuing court has been actively involved in determining the scope of relevant discovery, including the proper time frame, custodians, and search terms. (*See* Nevada action, Dkt. Nos. 207, 214, 225.) The categories of requested documents in the ongoing discovery between Plaintiffs and Defendant include financial information and fighter contracts, the same types of documents at issue in the subpoena-related motions. (*See* Nevada action, Dkt. No. 185.) Transfer would thus be in the interest of judicial economy because the Nevada court possesses far superior familiarity with the underlying issues. *See Agincourt Gaming*, 2014 WL 4079555, at *7.[7]

Bellator also argues in its Motion to Quash that the stipulated protective order in the Nevada action would not adequately protect its interests. (Mot. to Quash at 20-21.) The Nevada court is more familiar with the protective order it issued. It would be in a better position to make modifications, if necessary, that would adequately protect non-party Bellator's needs and to enforce the protective order on the parties during the course of the underlying litigation. In light of the foregoing, there are exceptional circumstances here warranting transfer.

The Court finds that the interests of Bellator in local resolution of the subpoena-related motions do not outweigh the interests favoring transfer. Although the prime concern should be

[7] Bellator argues that courts routinely deny motions to transfer where the issuing court has not ruled on the disputes presented by the non-parties. The decision to transfer is necessarily fact-specific, and the cited cases denying transfer are easily distinguishable. In *CMB Expert, LLC v. Atteberry*, No. 3:14-mc-51-B-BN, 2014 WL 2197840 (N.D. Tex. May 27, 2014), the only factors in favor of a transfer were that the underlying action was "fairly complex," there was a related criminal case, and tangentially related motions were pending before the issuing court. This did not amount to exceptional circumstances. *Id.* at *2. In contrast, the Nevada court here has actively been involved in various aspects of discovery in the underlying case and, given the fast-approaching discovery cutoff, the discovery schedule could be disrupted by a decision on the subpoena-related motions in this Court. The court in *Fed. Deposit Ins. Corp. v. Galan-Alvarez*, No. 1:15-MC-00752 (CRC), 2015 WL 5402342, at *3 (D.D.C. Sep. 4. 2015), denied a motion to transfer because the motion to quash presented a legal question, severable from the merits, as to whether a legal doctrine protects high-ranking government officials from testifying. In contrast, the discovery dispute here does "necessitate wading into the merits or intricacies" of the claims and defenses of the underlying litigation. *See id.* at *3.

avoiding burden on Bellator, the burden here would not be great. The Advisory Committee Notes to Rule 45 encourages transferee courts to allow telephonic appearances, and it appears that Judge Leen has previously allowed out-of-state counsel to participate in hearings telephonically. If Bellator chooses to appear personally at any hearing held by the Nevada court, the Court notes that travel-related burden and expenses would be mitigated because Nevada and California are neighboring states. *See Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal. 2014) (finding unconvincing an argument that transfer would be expensive because, in situations like this, "the cost of litigation alone does not amount to an unfair prejudice"). Rule 45(f) also allows Bellator's counsel to make appearances in the issuing court as an officer of that court, avoiding the need to obtain out-of-state counsel. *See Argento v. Sylvania Lighting Services Corp.*, No. 2:15-cv-01277-JAD-NJK, 2015 WL 4918065, at *7 (D. Nev. Aug. 18, 2015).

Bellator asserts that it was prejudiced by Defendant's prior statements that appeared to show consent to having Bellator's Motion to Quash filed in this district. This argument is misplaced as a motion to quash must be filed in front of the court where compliance is required. *See* Fed. R. Civ. P. 45(d)(3); *Agincourt Gaming*, 2014 WL 4079555, at *3. That court may then transfer the motion to the issuing court. Fed. R. Civ. P. 45(f). Bellator was not prejudiced by Defendant's statements because this district was the only proper forum to bring its motion to quash. Bellator's expenditure of time and resources to open an action in this district is thus not a relevant consideration.[8] Another relevant factor for burden is whether the disputed subpoena is directed to a large corporation represented by sophisticated counsel or to an individual person. *Kia Motors*, 2014 WL 2118897, at *1. Here, Bellator is a corporation represented by sophisticated counsel. Although Bellator is headquartered in Los Angeles, California, it is owned by Viacom Inc., a publicly traded national corporation. (Dkt. Nos. 1, 4; Mot. to Quash at

[8] The Court also finds unpersuasive Bellator's argument that it would not have relied as much upon California and Central District authorities had it brought its motion in Nevada. The Court notes that Bellator cites to more District of Nevada opinions than Central District of California opinions in its Motion to Quash. In addition, Bellator's Motion to Quash does not appear to rely on any California state law. With respect to federal law on discovery, district court opinions would not be binding on other district courts. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). To the extent a district court opinion from the same circuit may be more persuasive than one from an outside circuit, both this Court and the Nevada court are in the Ninth Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:17-mc-00016-PSG (RAOx) Date: March 17, 2017
Title: Cung Le et al. v. Zuffa, LLC et al.

3.) Moreover, Bellator presents itself as a "leading MMA promoter" with worldwide reach. (Dkt. No. 26-1 at 5.) This suggests a transfer would not significantly burden Bellator.

Bellator also contends that it would be burdened by transfer because it would have to litigate Plaintiffs' Motion to Compel in this district and its own Motion to Quash in Nevada. Bellator states that Plaintiffs' motion is not subject to transfer because Plaintiffs have not sought or consented to transfer. The Court disagrees. Rule 45(f) provides that the court where compliance is required may transfer if the person subject to the subpoena consents or if the court finds exceptional circumstances. There is no requirement that the party bringing the motion must move or consent to transfer. It appears that Plaintiffs understand that a transfer of Bellator's Motion to Quash would also transfer their Motion to Compel. *See* Pls.' Notice of Non-Opposition at 1 (Plaintiffs take no position with respect to the merits of Defendant's motion to transfer "this matter"); Decl. of Matthew S. Weiler in Support of Pls.' Notice of Non-Opposition at ¶ 3 (Plaintiffs' counsel called the clerk for Judge Leen to inquire about "possible hearing dates for Plaintiffs' Motion to Compel and Bellator's Motion to Quash" in the event of transfer). Because the same disputes are at issue in the two subpoena-related motions, the exceptional circumstances that warrant transfer of Bellator's Motion to Quash also warrant transfer of Plaintiffs' motion.

The Court finds that exceptional circumstances exist here and the interests in favor of transfer outweigh the interests of Bellator in obtaining local resolution of the subpoena-related motions.[9] Defendant's motion to transfer is GRANTED. The clerk is hereby directed to transfer Bellator's Motion to Quash and Plaintiffs' Motion to Compel to the United States District Court for the District of Nevada.[10]

**IT IS SO ORDERED.**

: 
Initials of Preparer gr

---

[9] The Court has communicated with Judge Leen and she does not oppose transfer. *See* Advisory Comm. Note to 2013 Amend. to Fed. R. Civ. P. 45 ("Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.").
[10] The pro hac vice application at Docket No. 22 is denied as moot.